HOUSTON, Justice
(dissenting from the March 17, 2000, memorandum to all attorneys of record).
There may be times when it is appropriate for this Court to initiate mediation in cases as to which appeals have been filed in this Court, but it would be untimely for *161 it to do so in this case, for the following reasons.
In this ease, the notice of appeal was filed on October 23, 1998. This case was assigned to a Justice on this Court on February 10, 1999; that means that the record and all briefs had been filed in this Court by that date.
This Court has adopted a policy by which it strives to announce a decision in every case within 290 days from the date the notice of appeal was filed. If that had been done in this case, then a decision would have been announced no later than August 9, 1999, more than 7 months ago. An order initiating mediation, entered over 500 days after the notice of appeal was filed and over 400 days after the record and all briefs were filed in this Court, would, in my opinion, come too late. This case should be decided by this Court at the earliest possible time.
I do not know what issues are involved in this case, because I have not had an opportunity to read any of the briefs that have been filed and have not had an opportunity to examine the record in this case. So far as I know, no Justice, except thé Justice to whom the case is assigned, knows what issues are involved in this case, has had an opportunity to read any of the briefs that have been filed, or has had an opportunity to examine the record in this case. No proposed opinion has been circulated by the Justice to whom the case is assigned. My objection to this Court’s initiating mediation, at the request of the Justice to whom the case is assigned, is based on the untimeliness of this Court’s action. It is this Court’s duty to decide this case.
HOOPER, C.J., concurs.